UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH EDWARDS,

                Petitioner,

    v.

SCOTT SPEER,

                Respondent.

Case No. C25-5116-TSZ-SKV

REPORT AND RECOMMENDATION

Petitioner Joseph Edwards ("Petitioner") is a Washington state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Cowlitz County Superior Court case number 16-1-01425-6. *See* Dkt. 4-1. Petitioner filed a proposed petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges that judgment. *Id*. Petitioner alleges in his petition that his current custody is unlawful because his judgment and sentence do not reflect that he received credit for time served in jail prior to his sentencing, as required by Washington Superior Court Criminal Rule 7.2 and RCW 9.94A.505(6). *Id*. at 3-4. Petitioner claims that failure to apply such credits violated his due process rights. *Id*.

REPORT AND RECOMMENDATION - 1

"28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Accordingly, the Court construes Petitioner's proposed petition for writ of habeas corpus as one brought pursuant to § 2254.

The Court entered an Order instructing Petitioner to show cause by March 31, 2025, as to why this action should not be dismissed for failures (1) to exhaust his claim in the state appellate courts and (2) timely file his federal habeas petition. *See* Dkt. 5. Petitioner has not responded. In view of Petitioner's failure to comply with the Court's Order, and the defects fatal to Petitioner's claim highlighted therein, the Court recommends this action be DISMISSED without prejudice.

## I. DISCUSSION

To obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

While Petitioner indicates in his petition that he filed a direct appeal of his conviction and that the Washington State Supreme Court subsequently denied review, nothing in the petition suggests that he has ever presented his claim regarding jail credits to the state appellate courts for review. Absent a showing that Petitioner has presented his claim to both the Washington Court of Appeals and the Washington Supreme Court for review, the claim cannot be deemed eligible for federal habeas review.

Even assuming Petitioner has properly exhausted his single claim for relief, his federal habeas petition is likely time barred. The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed by persons in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

In his petition, Petitioner indicates he was sentenced in his underlying criminal case on October 3, 2017. Dkt. 4-1 at 2. He also indicates that he filed a direct appeal of his judgment and sentence, and that the Washington Court of Appeals affirmed his conviction on December 10, 2019. *Id*. at 3. Petitioner sought review by the Washington Supreme Court, which denied review on June 2, 2020. *Id.* Petitioner did not present his federal habeas petition to this Court for filing until February 11, 2025, more than four years after direct review of his conviction concluded and, thus, more than three years after the statute of limitations appears to have expired. While the statute of limitations is subject to both statutory tolling, *see* 28 U.S.C. § 2244(d)(2), and equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), nothing in the record suggests Petitioner would be entitled to any such tolling.

REPORT AND RECOMMENDATION - 3

The Court ordered Petitioner to show cause as to why this case should not be dismissed due to these defects by March 31, 2025. Dkt. 5. To date, Petitioner has not filed a response. In sum, Petitioner makes no showing that he ever presented his claim regarding jail credits to the state appellate courts for review. Nor does Petitioner demonstrate his claim was timely filed under 28 U.S.C. § 2244(d)(1).

## II. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## III. CONCLUSION

Based on the foregoing, the Court recommends that Petitioner's proposed federal habeas petition be DISMISSED without prejudice and that a certificate of appealability be DENIED. The Court further recommends that Petitioner's application to proceed *in forma pauperis*, Dkt. 4, be found MOOT. A Proposed Order and Proposed Judgment accompany this Report and Recommendation.

///

///

REPORT AND RECOMMENDATION - 4

## IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 22, 2025**.

Dated this 1st day of May, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5